UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 98-234 |
| EMANUEL JOHNSON | SECTION "S" (2) |

# REPORT AND RECOMMENDATION

The United States filed an application for a writ of garnishment to be issued to the Louisiana School Employees' Retirement System (the "Retirement System") to collect $187,358.26 in restitution that remains due and owing from the convicted defendant, Emanuel Johnson.

I. JURISDICTION OF THE MAGISTRATE JUDGE

On October 15, 1998, all parties consented to proceed to trial, judgment and sentencing before a United States magistrate judge in this misdemeanor case, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401.[1] Record Doc. No. 9. On March 13, 2009,

---

[1]28 U.S.C. § 636(a) provides, in relevant part:

(a) Each United States magistrate judge serving under this chapter shall have within the district in which sessions are held by the court that appointed the magistrate judge, at other places where that court may function, and elsewhere as authorized by law–
. . . .
(3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section;

the district judge "transferred" the government's application for a writ of garnishment to me because I had imposed sentence on defendant. Record Doc. No. 72.

The judgment of restitution was imposed against Johnson under the Mandatory Victims Restitution Act ("Restitution Act"), a criminal law statute. 18 U.S.C. § 3613. Section 3613 allows the United States to enforce a judgment that imposes a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." Id. § 3613(a), (f). Thus, while garnishment is a civil remedy, the United States applied for a writ of garnishment

---

    . . . . ; and
    (5) the power to enter a sentence for a class A misdemeanor in a case in which the parties have consented.

Id. § 636(a)(3), (5).

    18 U.S.C. § 3401 provides, in relevant part:

    (a) When specially designated to exercise such jurisdiction by the district court or courts he serves, <u>any United States magistrate judge shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors</u> committed within that judicial district.
    (b) Any person charged with a misdemeanor . . . may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

18 U.S.C. § 3401(a), (b) (emphasis added).

pursuant to criminal law to enforce the sentence of restitution that I imposed. See United States v. Haines, 485 F. Supp. 2d 100, 103 (D. Conn. 2007) (No authority exists for the argument that a defendant may seek relief on the basis of civil rules when the government elects a civil remedy pursuant to 18 U.S.C. § 3613 to enforce a sentence of restitution.).

Although I presided over the underlying criminal proceedings and sentencing in this case upon the written consent of all parties, my authority to determine the instant ancillary matter cannot be assumed. As a court of limited jurisdiction, a federal court must examine its jurisdiction at every phase of the proceedings. This is particularly true of a United States Magistrate Judge, whose authority and jurisdiction are circumscribed by statute and Article I of the Constitution and who does not exercise the full panoply of powers of an Article III judge. The United States Court of Appeals for the Fifth Circuit recently emphasized the limitations upon a magistrate judge's jurisdiction. See Lopez v. Holder, No. 05-60797, 2009 WL 682991, at *4 (5th Cir. Mar. 17, 2009) (A new consent and referral order are required when a transferred proceeding is "new and distinct from" the original proceeding. No new consent and referral order are required when the transferred proceeding is "a continuation of" the original proceeding.).

In the instant matter, I note that the garnishee, the Retirement System, which has asserted an objection to the government's application and which holds the subject funds

must now be considered a party to this action. It has <u>not</u> consented to proceed before a United States Magistrate Judge. Several courts have specifically held that a magistrate judge lacks jurisdiction to determine with finality post-judgment matters such as the instant garnishment, particularly when all parties have not consented in writing. <u>Parks v. Collins</u>, 761 F.2d 1101, 1106-07 (5th Cir. 1985); <u>United States v. Thompson</u>, 2008 WL 2421724, 285 Fed. Appx. 522, 524 (10th Cir. June 17, 2008); <u>United States v. Lawrence</u>, 538 F.Supp.2d 1188, 1191-92 (D.S.D. 2008); <u>United States v. Birdshead</u>, 2008 WL 4912414, *1 (W.D. Okla. 2008). Under these circumstances, I cannot conclude that the government's application for a writ of garnishment is merely a continuation of this criminal misdemeanor proceeding in which <u>all</u> parties then involved in the case consented to proceed before a magistrate judge. It therefore appears that I lack jurisdiction to rule definitively on the application and any objections to it.

In a criminal case, however, a magistrate judge, upon referral from a district judge, may determine "any matter that does not dispose of a charge or defense." Fed. R. Crim. P. 59(a). In addition, the Local Rules of this court, LCrR. 5.1E, LCivR. 73.1E and 73.4E(G), authorize magistrate judges by general referral to address issues such as those raised by the government's writ application and the objections asserted to it, as long as proper review and oversight by the presiding Article III judge is maintained.

4

Accordingly, I am responding to the district judge's "transfer" order by issuing this report and recommendation.

II.     PROCEDURAL BACKGROUND

After a bench trial, Johnson was convicted of two counts of knowingly distributing and selling a restricted pesticide, methyl parathion, in violation of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 et seq. Record Doc. No. 13. On March 24, 1999, he was sentenced to a term of imprisonment of 12 months as to each count, to run consecutively; concurrent one-year terms of supervised release; and restitution in the amount of $131,104. Record Doc. No. 20. Johnson appealed to the presiding district judge, who affirmed the conviction. Record Doc. No. 59.

On December 5, 2008, the presiding district judge granted the government's application for writ of garnishment. Record Doc. No. 64. She ordered the writ issued to the Retirement System and ordered the Retirement System to answer. Record Doc. No. 65. The Retirement System responded that Johnson is a retiree receiving a lifetime monthly benefit of $653.70, but that the property is exempt from garnishment pursuant to Louisiana Revised Statutes § 11:1003. Record Doc. No. 67.

Johnson, proceeding pro se, also contends that the pension funds are exempt from seizure pursuant to La. Rev. Stat. § 11:1003. He requested a hearing on the issue, but did not file any memorandum in support of his argument. Record Doc. No. 68. The matter

5

was set for hearing without oral argument and the United States was ordered to file its opposition memorandum. Record Doc. No. 69.

The United States filed a memorandum in opposition to the claim by the Retirement System and Johnson that the pension benefits are exempt from seizure. The government argues that the federal statute that governs collection of federal restitution supersedes any state-law exemptions, including La. Rev. Stat. § 11:1003. In its memorandum, the government sought a final order in garnishment for 100%, rather than 25% as it had originally requested, of Johnson's future monthly pension distributions. Record Doc. No. 70.

Because Johnson is proceeding pro se, the court sua sponte granted him an additional ten (10) days to submit in writing his arguments in support of his claim that the pension benefits are exempt from garnishment. Record Doc. No. 71. The deadline has passed, but Johnson filed nothing in support of his argument. The district judge "transferred" the government's application and defendant's objections to me for decision. Record Doc. No. 72. Considering the uncertainty discussed above concerning the jurisdiction of a magistrate judge to determine this matter, I construe the district judge's "transfer" order a referral to me for report and recommendation pursuant to Fed. R. Crim. P. 59(a) and Local Criminal Rule LCr. 5.1E (A) and (B) and Local Civil Rules 73.1E and 73.4E (G).

Having reviewed the record, the submissions of the parties and the applicable law, and for the following reasons, **IT IS RECOMMENDED** that the objections of Johnson and the Retirement System should be overruled and that the government's motion for a final order of garnishment of 100% of Johnson's future monthly pension distributions to recover the unpaid restitution balance of $187,358.26, including judicial interest as of December 4, 2008, should be GRANTED.

III. <u>ANALYSIS</u>

In its memorandum in opposition to the claimed exemption of pension funds from seizure, the United States argues that federal law governing the collection of federal restitution supersedes the state-law exemption cited by Johnson and the Retirement System.

The Restitution Act allows the United States to enforce a judgment that imposes a criminal fine or restitution order "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f). One such procedure is a writ of garnishment under the Federal Debt Collection Procedure Act (the "Debt Collection Act"). 28 U.S.C. § 3205(b)(1). The Debt Collection Act empowers the court to issue a writ of garnishment "against property (including nonexempt disposable earnings) in which the debtor has a substantial <u>nonexempt</u> interest and which is in the possession, custody, or control of a person other

than the debtor, in order to satisfy the judgment against the debtor." Id. § 3205(a) (emphasis added).

Johnson, as the party seeking to quash the garnishment order, bears the burden to show that an exemption to garnishment applies. 28 U.S.C. § 3205(c)(5); United States v. Novak, 476 F.3d 1041, 1064 (9th Cir. 2007); Federal Trade Comm'n v. Namer, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007); United States v. Gaudet, 187 Fed. Appx. 410, 2006 WL 1815954, at *1 (5th Cir. June 29, 2006); United States v. Sawaf, 74 F.3d 119, 121 (6th Cir. 1996).

The Louisiana statute cited by Johnson and the Retirement System provides, in relevant part:

> The right of a person to a pension, an annuity, or a retirement allowance, to the return of contributions, the pension, annuity, or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this Chapter, and the moneys in the various funds created by this Chapter[2] are exempt from any state or municipal tax and exempt from levy and sale, garnishment, attachment, or any other process whatsoever . . . .

La. Rev. Stat. § 11:1003.

The government's garnishment application presents two issues: (1) whether La. Rev. Stat. § 11:1003 applies to exempt defendant's pension from garnishment to pay this

---

[2]The chapter governs the Louisiana Consolidated Public Retirement Systems, including the Louisiana School Employees' Retirement System.

8

court's criminal judgment restitution order and, (2) if the answer to the first question is no, whether the United States is limited to garnishing 25% of defendant's monthly pension or may garnish 100% of the funds.

Judge Barbier of this court recently analyzed in depth the relevant statutes and case law concerning both issues under circumstances similar to those in the instant case. As to the first issue, he concluded that the Louisiana statute does <u>not</u> exempt state pension funds from garnishment for federal criminal restitution.

> The [Restitution Act] provides that a judgment of restitution may be enforced under the same statutory provisions that govern the enforcement of criminal fines. 18 U.S.C. § 3664(m)(1)(A)(I). The relevant provisions for enforcement of fines/restitution provide the following exceptions:
>> Notwithstanding any other Federal [law] . . . a judgment imposing a fine [and/or restitution] may be enforced against all property or rights to property of the person fined, *except* that–
>> . . . .
>> (2) **section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law**; and
>> (3) **the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. [§] 1673) shall apply to enforcement of the judgment under Federal law or State law**.
>
> 18 U.S.C. § 3613 (emphasis added). . . . [The Restitution Act's] enforcement provisions expressly note the *inapplicability* of Section 3014 of chapter 176 of title 28 of the United States Code (i.e. the [Debt Collection Act]). Section 3014 of the [Debt Collection Act] allows a debtor to invoke exemption of any property that is exempt under the state or local law of the debtor's domicile that is applicable on the date of filing of the relevant [Debt Collection Act] remedy application. See 28 U.S.C.A. § 3014(a)(2)(A). Thus, <u>under the plain language of the [Restitution Act],</u>

9

> <u>no state exemptions are applicable to an enforcement action arising from a restitution judgment</u>.
>
> This conclusion has been reached by several courts that have addressed the question of whether the [Restitution Act's] enforcement provisions preempt state law pension plan anti-alienability provisions. . . . Therefore, under the plain language of the [Restitution Act] and the relevant jurisprudence, [defendant's] pension benefits and/or contributions are not exempt from garnishment in connection with this Court's restitution order. Despite the . . . arguments [of the garnishee and the defendant] under Louisiana law, the [Restitution Act] by its own terms preempts the applicability of state-law based garnishment exemptions.

United States v. De Cay, No. 05-186, 2009 WL 36623, at *5-6 (E.D. La. Jan. 9, 2009) (Barbier, J.) (citing United States v. Salinski, 194 F.3d 1315, 1999 WL 824809, at *1 (6th Cir. Oct. 5, 1999); United States v. Citigroup Global Mkts., Inc., 569 F. Supp. 2d 708, 711 (E.D. Tex. 2007); United States v. Wilson, No. CR 305-008, 2007 WL 4557774, at *1 n.2 (S.D. Ga. Dec. 20, 2007); United States v. McClanahan, No. 3:03-00053, 2006 WL 1455698, at *4 (S.D. W. Va. May 24, 2006)) (bold and italicized emphasis in original) (underlined emphasis added); see also United States v. Hyde, 497 F.3d 103, 108 (1st Cir. 2007) (quoting United States v. Rodgers, 461 U.S. 677, 701 (1983) ("It is well established that the Supremacy Clause 'provides the underpinning for the Federal Government's right to sweep aside state-created exemptions' in the face of" a convicted defendant's liability for restitution.)).

As to the second issue in the instant case, Judge Barbier held in De Cay that section 303 of the Consumer Credit Protection Act, 15 U.S.C. § 1673, which Section

3613(a)(3) of the Restitution Act (quoted in the excerpt above) makes applicable to the enforcement of restitution orders, nonetheless <u>does not</u> limit the garnishment of pension benefits for restitution to 25% of the pension payment.

> The [Restitution Act] provides that the [Consumer Credit Protection Act] "shall apply to enforcement of [restitution] under Federal law." 18 U.S.C. § 3613(a)(3). The relevant provisions of the [Consumer Credit Protection Act] restrict garnishment to the "**earnings** of an individual for any workweek" in an amount not more than (1) "25 per centum of his disposable earnings for that week;" or (2) "the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage." 15 U.S.C. § 1673 (emphasis added). Further, the [Consumer Credit Protection Act] defines "earnings" to include "periodic payments pursuant to a pension or retirement program." 15 U.S.C. § 1672(a). The Supreme Court has held generally in the context of the "earnings" definition under the [Consumer Credit Protection Act] that "earnings" are "limited to periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation." Kokoszka v. Belford, 417 U.S. 642, 650 (1974) (denying [Consumer Credit Protection Act] 25% limitation on garnishment of income tax refund, despite the fact that tax refund was result of income earned).
>
> With respect to the pension-based definition of "earnings," some courts have held that "earnings" for [Consumer Credit Protection Act] garnishment limitation purposes refers only to payments *into* a debtor's pension plan, but does not include restrictions on garnishment of benefit payments *out of* a debtor's pension plan. See United States v. Laws, 352 F. Supp. 2d 707, 713-14 (E.D. Va. 2004); United States v. Belan, 2008 WL 2444496, *4 (E.D. Mich. 2008); United States v. Crawford, 2006 WL 2458710, *3 (E.D. Cal. 2006) ("[O]nce passed to a retirement account or annuity in the hands of the employee, the funds in the account or annuity are not 'earnings' under the [Consumer Credit Protection Act], and thus, not subject to the 25% cap, even if they are distributed in periodic payments. . . ."); Aetna Cas. & Surety Co. v. Rodco Autobody, 965 F. Supp. 104, 109 (D. Mass. 1996) (holding that voluntary employee contributions to individual retirement account did not constitute "earnings" under [the

Consumer Credit Protection Act] ). This analysis is based on the premise that "the employer's periodic payments *to* a retirement program are includable as 'earnings' [under the [Consumer Credit Protection Act]], but once those funds are in the retirement account future distributions *from* the account do not themselves constitute 'earnings.'" Belan, 2008 WL 2444496, at *4 n.3. Furthermore, the fact that the [Consumer Credit Protection Act] expressly refers to "earnings" in a "workweek" suggests that retirement plan benefits, which are not paid in correspondence with any "workweek," are not subject to the [Consumer Credit Protection Act's] garnishment limitations. Finally, "the Congressional purpose in passing the [Consumer Credit Protection Act] . . . was to reduce the likelihood that garnishment would result in the debtor losing (or quitting) employment . . . [but the] garnishment of funds which have already passed to the debtor does not create the same risk that the debtor will lose interest in being employed." Laws, 352 F. Supp. 2d at 713. Thus, these courts have essentially held that "[i]t is not clear from the plain language of the [Consumer Credit Protection Act] to what extent [pension] funds are protected once they leave the hands of the employer, even if the employee later receives the funds in periodic payments" as a pension benefit. Id.

Nonetheless, other courts have found the 25% garnishment limitation in the [Consumer Credit Protection Act] applicable to pension benefit payments. See United States v. Wilson, 2007 WL 4557774 (S.D. Ga. 2007); United States v. McClanahan, 2006 WL 1455698 (S.D. W. Va. 2006). However, these decisions were rendered without any meaningful analysis of the language of the [Consumer Credit Protection Act's] "earnings" definition as it relates to pension benefit payments. See Wilson, 2007 WL 4557774 at *1 (noting Government's concession in the case that the 25% limitation of the [Consumer Credit Protection Act] applied to garnishment of monthly retirement benefits); McClanahan, 2006 WL 1455698 at *3 (finding that "under clear statutory language, it appears the Government may garnish only 25% of the Defendant's pension," but without any in depth analysis of the "earnings" definition and in the context of the Government's argument that the Defendant had waived her right to the 25% limitation in her plea agreement).

Based on the overwhelming breadth and persuasiveness of jurisprudence finding that the [Consumer Credit Protection Act] 25% garnishment limitation does not apply to pension benefits, and especially

> in light of the relative analytical dearth of contradictory precedent, the Court agrees with the Government's position that the entire 100% of [defendant's] pension benefits is subject to garnishment under the [Restitution Act] and [Consumer Credit Protection Act].

De Cay, 2009 WL 36623, at *7-8 (also citing In re Sinclair, 417 F.3d 527, 527-29 (5th Cir. 2005); see also United States v. De Cay, No. 05-186, 2009 WL 666763, at *7 (E.D. La. Mar. 12, 2009) (Barbier, J.) (citing Belan, 2008 WL 2444496, at *4) (denying defendant's motion for new trial or to amend judgment, based on defendant's argument that the court had failed to distinguish between "defined benefit plans and annuity contracts;" holding that, whether funds are in a retirement account or an annuity, they are not "earnings" under the Consumer Credit Protection Act and are not subject to the 25% cap); United States v. Lazorwitz, 411 F. Supp. 2d 634, 639 (E.D.N.C. 2005) (ordering garnishee pension plan to "pay [to the United States] the sum of 100% of any anticipated payments due Defendant"); United States v. First Bank & Trust, No. 1:06-MC-014, 2007 WL 1091021, at *6 (E.D. Tex. Apr. 9, 2007) (citing 18 U.S.C. § 3613(c); United States v. Phillips, 303 F.3d 548, 550-51 (5th Cir. 2002); United States v. Rice, 196 F. Supp. 2d 1196, 1199 (N.D. Okla. 2002)) ("the entire balance of [defendant's] Retirement Account is subject to garnishment by the United States for satisfaction of her outstanding criminal fine and court-ordered restitution").

Judge Duval of this court has concurred with Judge Barbier's approach in two cases pending separately before him. United States v. Clay, Crim. No. 04-378 "K"(5), Record Doc. No. 310 (E.D. La. Feb. 9, 2009) (notice of appeal filed Mar. 10, 2009, Record Doc. No. 312); United States v. Harrison, Crim. No. 04-378 "K"(5), Record Doc. No. 311 (E.D. La. Feb. 9, 2009) (notice of appeal filed Mar. 10, 2009, Record Doc. No. 313). Although a notice of appeal has also been filed in Judge Barbier's case, United States v. De Cay, Crim. No. 05-186 "J"(1), Record Doc. No. 460 (notice of appeal filed Mar. 16, 2009), I find Judge Barbier's analysis in De Cay thorough, persuasive and applicable to the instant case. Based on that analysis, I find that Johnson's pension benefits from the Retirement System are not exempt from garnishment under La. Rev. Stat. § 11:1003 and that the government may garnish 100% of those benefits. Accordingly,

**IT IS HEREBY RECOMMENDED** that the United States' request for entry of a final order of garnishment be GRANTED.

**IT IS FURTHER RECOMMENDED** that all monies previously withheld by the Louisiana School Employees' Retirement System in accordance with the Writ of Garnishment should be ordered payable immediately to the United States of America.

**IT IS FURTHER RECOMMENDED** that the Louisiana School Employees' Retirement System should pay to the United States of America 100% of any future

distributions of pension funds that would otherwise have been paid or due to Emanuel Johnson and must continue such payments until the liability is satisfied, remitted or set aside; or is terminated by the passage of the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of Emanuel Johnson, or upon the death of Emanuel Johnson, 18 U.S.C. § 3613(b), (c); or until the Louisiana School Employees' Retirement System no longer has custody, possession or control of any property belonging to defendant; or until further order of this court.

Payments to the United States of America should be made to the Clerk of Court, Eastern District of Louisiana, Financial Unit, Hale Boggs Federal Building, 500 Poydras St., New Orleans, LA 70130 and bear the name of Emanuel Johnson and the case number listed above.

Defendant Emanuel Johnson and the Retirement System are advised that they may serve on the United States Attorney and file objections to this report and recommendation in this court within ten (10) days after being served with a copy of the report and recommendation. The district judge must consider timely objections and modify or set aside any part of the report and recommendation that is contrary to law or clearly erroneous. Defendant and the Retirement System are cautioned that a failure to object to this report and recommendation within ten (10) days after being served with it waives the right to review by the district judge, Fed. R. Crim. P. 59(a); Peretz v. United States,

501 U.S. 923, 939 (1991), and shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  27th  day of March, 2009.

*[signature]*

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

_____
**CLERK TO NOTIFY:**
**HON. MARY ANN VIAL LEMMON,**
**DEFENDANT PRO SE and**
**All Counsel of Record, Including Counsel**
**for the Louisiana School Employees'**
**Retirement System Randy P. Zinna, 8732**
**Quarters Lake Road, Baton Rouge, LA 70809**